## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES L. DYAS, JR., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION 08-0232-WS-N** |
| ) | |
| **CITY OF FAIRHOPE, etc., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

This matter is before the Court on the parties' cross-motions for reconsideration. (Docs. 113, 116). The parties have filed briefs in support of their respective positions, (Docs. 113, 116, 118, 119), and the motions are ripe for resolution.

### DISCUSSION

The grant or denial of a motion to reconsider is left to the discretion of the trial court. *Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc). Such a motion may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion. *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Nor may it be used to "relitigate old matters." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotes omitted). Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted).[1]

---

[1] While *Mays* and *Wilchombe* involved a post-judgment motion under Rule 59(e), courts within this Circuit have often applied these principles to pre-judgment motions to

## I. Plaintiffs' Motion to Reconsider.

The plaintiffs do not address or even acknowledge the exacting standard governing motions to reconsider, and it is plain they cannot satisfy it. They first argue that the City's adoption of the Fly Creek PUD was not legislative because it was merely the administrative application of pre-existing policy to a specific parcel of land. (Doc. 116 at 1-3). That policy, they say, was embodied in the City's 2001 comprehensive plan and in its zoning ordinance, which are described as "remarkably specific and detailed." (*Id*. at 2). The plaintiffs cite various features of the plan and ordinance and attach copies of the plan, ordinance and site plan to their motion. (*Id*., Exhibits A, C).

The plaintiffs previously argued, in conclusory fashion, that the plan (but not the ordinance) was a pre-existing policy administratively applied to the Fly Creek PUD. (Doc. 84 at 4). They did not discuss the contents of the plan or provide a copy of it to the Court. Their belated attempt to bolster an argument they raised previously but failed to adequately support represents an improper use of a motion to reconsider.

Nor would the Court's decision be affected even had the plaintiffs provided their new material initially. As noted in the Court's previous order, the plaintiffs admit that the vote on the Fly Creek PUD was a "rezoning" decision. (Doc. 47, ¶ 20). As also noted in the Court's prior order, under binding Eleventh Circuit authority, "even the decision about which zoning classification should be applied to a specific piece of land [is a] legislative actio[n]." *Corn v. City of Lauderdale Lakes*, 997 F.2d 1369, 1392 (11th Cir.

---

reconsider. *E.g., Busby v. JRHBW Realty, Inc*., 2009 WL 1181902 at *2 (N.D. Ala. 2009); *Controlled Semiconductor, Inc. v. Control Systemation, Inc*., 2008 WL 4459085 at *2 (M.D. Fla. 2008); *Eslava v. Gulf Telephone Co.*, 2007 WL 1958863 at *1 (S.D. Ala. 2007); *Summit Medical Center, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). This is only sensible, since allowing parties to withhold arguments and evidence until after losing is equally destructive of judicial economy and fairness in either context. *E.g., Gibson*, 511 F. Supp. 2d at 1185 (even pre-judgment, "in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly").

1993).  The plaintiffs have yet to explain how *Corn* could fail to govern here.

The plaintiffs' second and final argument is that the Court read too broadly the scope of the legislative privilege.  They cite the Supreme Court for the general proposition that privileges "are not lightly created nor expansively construed,"[2] and they argue that the Court's reading bucks "modern trends of transparency" as embodied in two Alabama statutes.  (Doc. 116 at 4-5).  The plaintiffs previously argued that the testimonial privilege is "narrow," (Doc. 84 at 11, 13), but they did not invoke *Nixon* or state law, and it is too late to do so now.  Even had they done so initially, these general propositions would not call into question the detailed analysis set forth in the Court's previous order.  (Doc. 109 at 10-17).

## II.  Defendants' Motion to Reconsider.

The Court ruled that, while the decision to re-zone the Corte parcel to a PUD designation was legislative, the decision to allow a 54,000 square foot tenant on the property was administrative.  (Doc. 109 at 5-7).  The defendants argue the latter ruling was in error.  They explain that, before a property is rezoned as a PUD, the owner must submit a site plan covering all sorts of details, including the footprint of buildings.  Site plan issues are worked out between the owner and the City in advance, and the final, approved version of the site plan becomes part of the ordinance by which the PUD is created.  Thus, the defendants conclude, approval of a 54,000 square foot tenant was "part and parcel" of the approval of PUD rezoning and, since the latter is legislative under *Corn*, the former must also be legislative.  (Doc. 113 at 3-6).

The defendants assume that the Court did not understand that approval of the PUD encompassed approval of the site plan and, with it, the square footage limitation.  On the contrary, the Court expressly recognized that approval of a 54,000 square foot tenant accompanied the approval of the Fly Creek PUD.  (Doc. 109 at 6).  The problem was, as

---

[2]*United States v. Nixon*, 418 U.S. 683, 710 (1974).

it remains, that the defendants "cite no authority for the proposition that any decision accompanying a legislative decision is itself necessarily legislative." (*Id.*).  As the Court noted, while a zoning decision is legislative under *Corn*, a site plan approval (or rejection) is administrative under the same decision, and the defendants were unable to identify any plausible basis for transforming an administrative decision into a legislative one by the mere expedient of wrapping the administrative decision into a legislative vote.  Because the defendants bear the burden of establishing privilege, (*id*. at 5), that omission was fatal.[3]

As a separate basis for its ruling, the Court noted that the square foot parameter of the Fly Creek PUD resulted from the City's "big box" ordinance.  While the creation of the ordinance presumably constituted policymaking and thus legislation, "an application [or misapplication] of policy to a specific party" is administrative.  (Doc. 109 at 6).  The defendants concede the legal principle, but they deny that the square footage figure derived from an application of the big box ordinance; on the contrary, they insist that the ordinance does not apply to PUDs.  (Doc. 113 at 5-6).  The argument comes too late.

In their briefing, the plaintiffs asserted that "the very same pre-existing policies embodied in the Comprehensive Plan and Big Box ordinance were not uniformly applied in denying the Dyases' request for a Big Box while virtually simultaneously granting Arthur Corte a site plan with a 54,000 square foot box." (Doc. 84 at 4).  This is an explicit allegation that the big box ordinance was applied in allowing the Fly Creek PUD a 54,000 square foot tenant, and it placed on the defendants the burden of challenging the applicability of the big box ordinance.  Because the defendants did not do so, the Court properly accepted the plaintiffs' assertion and on that basis ruled against the defendants.

---

[3]The defendants on motion to reconsider take pains to explain the PUD process and place a number of exhibits before the Court.  (Doc. 113 at 3-6).  The effort comes too late and is in any event wasted, since the Court did not rule based on a misunderstanding of the PUD process but on an absence of authority exempting PUDs from the *Corn* analysis.

A motion to reconsider is an improper vehicle for challenging the plaintiffs' position and the Court's reliance on it.[4]

Even had the challenge been timely made, and even were it found meritorious, it could not alter the Court's ruling, which rested independently on the defendants' failure to support the proposition that the administrative act of approving a site plan becomes legislative when the approval is included in a vote on re-zoning as a PUD.

The PUD approved for the plaintiffs' property limited the largest tenant to 18,000 square feet. The complaint alleges that this cap was compelled by the big box ordinance. (Doc. 47, ¶ 20). The plaintiffs sought an amendment to the Village North PUD to allow the same 54,000 square foot limit applicable to the Fly Creek PUD. The complaint alleges that the City's Planning and Zoning Commission rejected the amendment. (*Id*., ¶ 36). The Court ruled that, because the defendants "identified nothing from which the Court could conclude that [this decision] was anything other than an application of existing policy (the big box ordinance) to the Property," the decision was administrative. (Doc. 109 at 6).

On motion to reconsider, the defendants argue that the Court erred because the only vote taken by the Commission was to recommend denial of the proposed amendment, not to actually deny it, and the plaintiffs withdrew the application before any final decision was made. (Doc. 113 at 8-9). Nothing remotely resembling this argument appears in the defendants' multiple briefs filed before the Court ruled, and they cannot inject it now.[5] Nor is it clear how the argument could benefit the defendants even had it been timely raised; a recommendation to deny amendment based on an application of

---

[4]The defendants claim that the plaintiffs "admi[t]" the big box ordinance does not apply to the PUDs. (Doc. 113 at 6). They identify no support for the assertion, which the plaintiffs deny. (Doc. 118 at 3). Certainly nothing in the materials before the Court when it ruled negated the defendants' express assertion quoted in text.

[5]As noted, the complaint expressly alleged an actual rejection of amendment, so the defendants cannot claim they had no notice of the plaintiffs' position.

existing policy could scarcely be less administrative than an actual denial of amendment based on an application of the same policy.

The defendants also argue that a vote on whether to amend a PUD to change the square footage limitation must be legislative because it requires adoption of an ordinance. (Doc. 113 at 9). They made this argument previously, and the Court expressly rejected it. (Doc. 109 at 7-8). It is improperly raised on motion to reconsider, and it is still wrong on the merits for the reasons set forth in the prior order.

The defendants predict "unworkable difficulties" at deposition unless the square footage decisions are deemed legislative. (Doc. 113 at 9-10). As the Court has noted, (Doc. 109 at 17), counsel and the Magistrate Judge can resolve any such issues as they arise. At any rate, avoiding complications is not a sufficient ground for deeming legislative that which has not been shown to be so.

## CONCLUSION

Motions to reconsider serve a valuable but limited function. They do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted. They do not, in short, serve to relieve a party of the consequences of its original, limited presentation. The parties' motions to reconsider, which attempt precisely that, do not reflect the clear error or manifest injustice that is essential to their success. Moreover, although unnecessary to the Court's ruling, the parties' newly presented evidence and argument could not alter the Court's ruling even had it been timely provided.

For the reasons set forth above, the motions to reconsider are **denied**.

DONE and ORDERED this 23rd day of December, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
