# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES L. DYAS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION 08-0232-WS-N |
| CITY OF FAIRHOPE, etc., et al., | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion of defendant City of Fairhope ("the City") to reconsider. (Doc. 174). The plaintiffs have filed a response, (Doc. 180), and the motion is ripe for resolution.

The amended complaint alleges that the City violated the plaintiff's state and federal equal protection rights. The Court granted the City's motion for summary judgment as to the federal claim. (Doc. 171 at 13-18, 27). The Court ruled that the City had not addressed the state equal protection claim and that it therefore survived summary judgment. (*Id*. at 18). The motion to reconsider is limited to the state equal protection claim.

"A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted). The City points out that it did in fact address the state equal protection claim, and the Court's statement to the contrary constitutes clear error correctable on motion to reconsider. The plaintiffs' suggestion that the City "cho[se] not to brief the state equal protection claim" and is now attempting to "revise" its motion for summary judgment in an improper attempt to "injec[t] new arguments," (Doc. 180 at 1-2), is rejected as patently incorrect. The City seeks only to

have the Court consider the argument articulated in its original briefing, which explicitly addresses the state equal protection claim.

The City's briefing on the issue is confined to an eight-line footnote within a 50-page brief. (Doc. 157 at 28 n.15). The plaintiffs – who elected not to address the state equal protection claim in their own 60-page brief opposing summary judgment – plead that "the City should not prevail at summary judgment on a footnote." (Doc. 180 at 3). Motions for summary judgment are not decided by the number of words employed but by whether those words demonstrate the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.

The amended complaint pegs the plaintiffs' state equal protection claim to the Alabama Constitution. (Doc. 47 at 21). "We hold that Alabama has no such 'equal-protection provision.'" *Ex parte Melof*, 735 So. 2d 1172, 1181 (Ala. 1999); *accord id*. at 1186 ("[W]e now restate what the Justices of this Court correctly declared in 1949, that 'there is no equal protection clause in the Constitution of 1901.'") (quoting *Opinion of the Justices No. 102*, 41 So. 2d 775, 777 (Ala. 1949)). Strong language, and the City relies on it, but that is not the end of the story.

Even after *Melof*, the Supreme Court has written that "[t]he question whether §§ 1, 6 and 22 of Article I, Constitution of Alabama 1901, combine to guarantee the citizens of Alabama equal protection under the laws remains in dispute." *Hutchins v. DCH Regional Medical Center*, 770 So. 2d 49, 59 (Ala. 2000). According to Justice Cook, this is because the fractured opinion in *Melof* revealed no clear majority view. *Marsh v. Green*, 782 So. 2d 223, 236 n.3 (Ala. 2000) (Cook, J., concurring in part and dissenting in part).

Justice Houston authored the primary opinion in *Melof*, with seven justices (including Justice Houston) authoring special opinions. Chief Justice Hooper agreed that "[t]he general principle of equal protection of the laws … is written into the very warp and woof of American law," but he "[could] not agree that the Alabama Constitution of 1901 contains an equal-protection provision." 735 So. 2d at 1187 (Hooper, C.J., concurring specially). Justice Maddox questioned whether the entire discussion was

[2]

"more academic than germane" but "concur[red] completely with the main opinion." *Id*. at 1188 (Maddox, J., concurring specially) (internal quotes omitted).  Justices Hooper, Houston and Maddox may safely be categorized as adhering to the primary opinion.

On the other side of the coin, Justice Cook wrote that he "would hold that it [the Alabama Constitution of 1901] does contain an equal-protection guarantee." 735 So. 2d at 1205 (Cook, J., concurring in the result, dissenting from the rationale).  Nevertheless, "because I would hold that the taxation scheme at issue in this case does not violate that guarantee, I concur in the result." *Id*.  Justice Kennedy concurred in Justice Cook's opinion. *Id*.  Justice Johnstone likewise "dissent[ed] from the position of the main opinion that the Alabama Constitution of 1901 does not guarantee our citizens equal protection of the laws." *Id*. (Johnstone, J., dissenting).

The tally thus stands at 3-3.  The tiebreaker must be the separate opinion of Justice See, in which Justice Brown concurred.[1]  The central text of that opinion, shorn of footnotes and citations, reads as follows:

> The plaintiffs argue, among other things, that subjecting their retirement benefits to state taxation violates the 'equal protection provisions' – Article I, §§ 1, 6, and 22 – of the Constitution of Alabama of 1901.  The main opinion disposes of this claim by stating that the Constitution of Alabama of 1901 does not contain an equal-protection provision.  Although the main opinion correctly states that there is no single, express equal-protection provision in the Constitution of Alabama of 1901, *I do not believe it follows that there can be no claim of denial of equal protection cognizable under the Constitution of Alabama*.  To accomplish the rule of law, all provisions of the Constitution of Alabama of 1901 are attended by principles of equal protection of the law.  Any equal-protection claim, however, must be founded in the language of the constitution. [citations omitted]  Thus, it was incumbent on the plaintiffs to demonstrate that subjecting their retirement benefits to state income taxation violated the language of § 1, 6, or 22, read separately or collectively. [citations omitted]  The plaintiffs did not present any such contextual analysis.
>
> The main opinion adequately addresses the federal equal-protection claim.  Thus, because the plaintiffs present no argument founded in the

---

[1] Justice Lyons recused himself.  735 So. 2d at 1186.

> language of §§ 1, 6 and 22 that the equal-protection guarantees of the
> Constitution of Alabama of 1901 are implicated, I must concur in affirming
> the judgment of the Court of Civil Appeals.

735 So. 2d at 1194-95 (See, J., concurring specially) (emphasis added).

The precise outline of Justice See's view may be subject to interpretation, but he clearly did not embrace Justice Houston's opinion in toto. While that opinion ruled out any possibility of an equal protection claim under the state constitution, Justice See left room for such a claim but concluded that the plaintiffs failed to present an adequate argument supporting such a claim in the particular context of their tax challenge. He thus concurred in the result (affirming the lower court), but not the analysis, of Justice Houston's opinion.

The primary opinion in *Melof* described its ruling as "hold[ing]," 735 So. 2d at 1181, but this statement cannot be taken at face value. "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds …." *Marks v. United States*, 430 U.S. 188, 193 (1977). In *Melof*, only three justices assented to the rationale that no equal protection claim is possible under Alabama's constitution. In order to collect five votes for affirming the judgment, either Justice See's opinion or Justice Cook's opinion must be added, and both envision viable equal protection claims arising from that document.

*Melof*, in short, does not in fact hold that there is absolutely no actionable equal protection component to the Alabama Constitution. Prior to *Melof*, several Supreme Court decisions ruled that there is such an equal protection guarantee[2] and, since *Melof* is not a holding, those cases would appear to remain the law of Alabama. The City does not

---

[2] *See, e.g., Ex parte Melof*, 735 So. 2d at 1193 & nn.10-11 (See, J., concurring specially) (citing cases).

cite, and the Court cannot locate, any post-*Melof* decision of the Supreme Court with a contrary holding.[3] On the authority and argument presented, the Court cannot rule that no equal protection claim is possible under the Alabama Constitution.[4]

In the alternative, the City argues that, "[e]ven if this Court were to conclude that the Alabama Constitution contains an equal protection provision, the analysis would be the same as the federal constitutional analysis." (Doc. 157 at 28 n.15). The Court applied rational-basis analysis to the plaintiffs' federal equal protection claim and found that the challenged governmental actions were rationally related to legitimate government purposes. (Doc. 171 at 13-18). If the same analysis applies to the plaintiffs' state equal protection claim, the City is entitled to summary judgment on that claim as well.

In *Plitt v. Griggs*, 585 So. 2d 1317 (Ala. 1991), the Alabama Supreme Court applied rational-basis analysis to the plaintiff's federal equal protection claim. *Id*. at 1324-25. The Court continued that "Ms. Plitt states no reason, and we are aware of none, that our analysis of the equal protection issue raised under the United States Constitution should not be equally applicable to her equal protection issue regarding the Alabama Constitution; therefore, we consider the above analysis to apply equally to that issue." *Id*. at 1325. Based on *Plitt*, the Court concludes that any state equal protection claim the plaintiffs may have is subject to the same analysis as their federal equal protection claim. Because the latter claim failed rational-basis analysis, the former claim fails as well.

---

[3] The City cites *Squires v. City of Saraland*, 960 So. 2d 666 (Ala. Civ. App. 2007) and *M.V.S. v. V.M.D.*, 776 So. 2d 142 (Ala. Civ. App. 1999). Both simply assume, incorrectly, that *Melof* represents a holding. As lower court decisions, neither could overturn the pre-*Melof* cases recognizing state equal protection claims.

[4] Justice See's opinion suggests that viable equal protection claims under the state constitution will be difficult to establish. Because the City has argued only that such claims are categorically impossible, the Court does not consider what obstacles the plaintiffs would face in meeting Justice See's proposed test.

For the reasons set forth above, the City's motion to reconsider is **granted**. The City's motion for summary judgment as to the plaintiffs' state equal protection claim is **granted**. The plaintiffs' state equal protection claim is **dismissed with prejudice**.

DONE and ORDERED this 30th day of December, 2010.

                                            s/ WILLIAM H. STEELE
                                            CHIEF UNITED STATES DISTRICT JUDGE