# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES L. DYAS, et al.,** | ) |
| **Plaintiffs,** | ) |
| v. | ) CIVIL ACTION 08-0232-WS-N |
| **CITY OF FAIRHOPE, etc., et al.,** | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the plaintiffs' motion to amend and/or reconsider. (Doc. 181). The motion is limited to the Court's grant of summary judgment with respect to the plaintiffs' breach of contract claim to the extent based on an asserted agreement that no other village center would be permitted within the service area of the Village North PUD. The defendants have filed a response, (Doc. 185), and the motion is ripe for resolution.

As the parties are aware from prior motions to reconsider filed herein, the grant or denial of such a motion is left to the discretion of the trial court. *Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc). Such a motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008); *accord Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010). Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or

the need to correct clear error or manifest injustice." *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted).[1]

The plaintiffs first argue the Court inaccurately depicted defendant Kant as a mayoral candidate rather than as mayor when he made a certain statement on which the plaintiffs rely, (Doc. 181 at 2), but the record confirms the accuracy of the Court's statement. At any rate, the Court held that, even had Kant been mayor when the statement was made, it "was far too vague a reference to the Plan to suggest that Kant was proposing that the City would contract not to allow another nearby village center." (Doc. 171 at 8 n.9). The plaintiffs do not challenge this independent ground of the Court's ruling as to Kant's statement.

The plaintiffs cite generally to portions of the record which they maintain reflect "substantial evidence" that the parties agreed the City would not allow a village center near Village North. (Doc. 181 at 2-3). For the most part, they do not identify just what significant evidence is contained therein, and the Court will not investigate on their behalf. At any rate, the citations are merely redundant with those in the plaintiffs' briefing on the defendants' motion for summary judgment, which citations the Court laboriously reviewed and analyzed before ruling on that motion. Nothing in the plaintiffs' citations in their motion to reconsider remotely undermines the Court's ruling.

The plaintiffs next inject a new legal argument. They note that, although the Plan is not embodied in an ordinance, such plans are mandated by state law. They cite the

---

[1] While *Baker* and *Richardson* involved post-judgment motions under Rule 59(e), courts within this Circuit have often applied these principles to pre-judgment motions to reconsider. *E.g., Busby v. JRHBW Realty, Inc.*, 2009 WL 1181902 at *2 (N.D. Ala. 2009); *Controlled Semiconductor, Inc. v. Control Systemation, Inc.*, 2008 WL 4459085 at *2 (M.D. Fla. 2008); *Eslava v. Gulf Telephone Co.*, 2007 WL 1958863 at *1 (S.D. Ala. 2007); *Summit Medical Center, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). This is only sensible, since allowing parties to withhold arguments and evidence until after losing is equally destructive of judicial economy and fairness in either context. *E.g., Gibson*, 511 F. Supp. 2d at 1185 (even pre-judgment, "in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly").

principle that "the law forms part of every contract" and conclude that the Plan must be part of the parties' contract. (Doc. 181 at 3-4). As noted, the plaintiffs cannot permissibly inject a new, previously available argument on motion to reconsider. The Court does not suggest that the argument would have been successful if timely raised.

Finally, the plaintiffs insist they "should be allowed to introduce parol evidence to support their allegation" that the City agreed not to place another village center near Village North. (Doc. 181 at 4). In opposing the defendants' motion for summary judgment, the plaintiffs were free to introduce such evidence, and they in fact did so. But they cannot avoid summary judgment by suggesting there may be additional such evidence which they did not submit in opposition to summary judgment. *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 592 (11th Cir. 1995) (in the face of a properly supported motion for summary judgment, the non-movant may not "choos[e] to wait until trial to develop claims or defenses relevant to the summary judgment motion") (internal quotes omitted).

As the parties realize, reconsideration is available only in a narrow class of situations. The plaintiffs' motion does not implicate any of these situations. Accordingly, and for the reasons set forth above, their motion to amend and/or reconsider is **denied**.

DONE and ORDERED this 3rd day of March, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE