# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES L. DYAS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION 08-0232-WS-N |
| CITY OF FAIRHOPE, etc., et al., | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the defendants' motion for recovery of attorneys' fees and costs. (Doc. 179). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 186-88), and the motion is ripe for resolution.

## BACKGROUND

The amended complaint asserted federal claims against the defendant City for denial of equal protection and denial of substantive due process in connection with the defendants' treatment of their property and another parcel ("the Corte parcel"). (Doc. 47 at 20-25; Doc. 171 at 19).[1] It also asserted against defendant Kant a federal claim of conspiracy to deprive the plaintiffs of their vested rights. (Doc. 47 at 28; Doc. 171 at 26). The amended complaint also included state-law claims for breach of contract, denial of equal protection, inverse condemnation, negligence and misrepresentation. (Doc. 47 at 18-20, 25-28). The Court granted the defendants summary judgment as to all three

---

[1] Both parcels received designation as a PUD (the "Village North" PUD and the "Fly Creek Village" PUD, respectively).

federal claims and as to all state claims other than a portion of the contract and negligence claims. (Docs. 171, 183). Because the federal claims were brought pursuant to Sections 1983 and 1985, the defendants seek an award of fees and costs under Section 1988.

"The court may decide issues of liability for fees before receiving submissions on the value of services." Fed. R. Civ. P. 54(d)(2)(C). The Court elected to go this route, and the parties' briefing is limited to liability for fees.

## DISCUSSION

"In any action or proceeding to enforce a provision of sections [1983 or 1985] of this title, …, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs …." 42 U.S.C. § 1988(b). The parties agree that the granting of summary judgment as to the federal equal protection, due process and conspiracy claims renders the defendants prevailing parties for purposes of Section 1988.

The parties also agree that the *Christiansburg Garment* standard applies to defendants seeking an award of fees under Section 1988.[2] "A district court may in its discretion award attorney's fees in a [civil rights] action upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

"Cases where findings of 'frivolity' have been sustained typically have been decided in the defendant's favor on a motion for summary judgment or a … motion for involuntary dismissal. In these cases, the plaintiffs did not introduce any evidence to support their claims." *Sullivan v. School Board*, 773 F.2d 1182, 1189 (11th Cir. 1985).

---

[2] *E.g., Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (although *Christiansburg Garment* was decided under Title VII, "[t]his standard applies equally to awards of attorneys' fees sought under § 1988 by prevailing civil rights defendants.").

"Factors considered important in determining whether a claim is frivolous also include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id*. These "are general guidelines only, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." *Id*.[3]

As noted, the Court dismissed the federal claims prior to trial. The defendants assert they made no settlement offer, (Doc. 186 at 6), and the plaintiffs do not challenge the assertion. These two factors thus favor an award of fees. The defendants realize, however, that a stronger showing of frivolousness is required before fees may be awarded under Section 1988. They argue both that the plaintiffs "failed to establish a prima facie case" and that they "offered no evidence rebutting Defendants' arguments on the crucial elements of the claims at issue." (Doc. 186 at 7).

Whether the plaintiffs failed to establish a prima facie case depends on what is required to make out a prima facie case. The defendants argue that a prima facie case of an equal protection violation could exist only if: (1) Village North and Fly Creek Village were prima facie identical in all relevant respects; (2) there was no conceivable legitimate government purpose for adopting the Fly Creek Village PUD; and (3) there was no rational basis for the City to believe that its adoption of the Fly Creek Village PUD furthered that purpose. (Doc. 186 at 7). The cases the defendants cite in support of this proposition, however, do not reflect that a plaintiff's prima facie case is so vast. The opinion in *Haves v. City of Miami*, 52 F.3d 918 (11th Cir. 1995), did not even use the term "prima facie," and the Court in *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189 (11th Cir. 2007), used it only in describing the degree of similarity required between plaintiff and comparator. *Id*. at 1204-05 ("prima facie identical in all relevant respects").

---

[3] Under *Sullivan*, "the legal standard for determining the frivolousness of a [civil rights] plaintiff's suit is coterminous with the legal standard for determining whether a plaintiff's suit was unreasonable or without foundation." *Walker v. NationsBank N.A.*, 53 F.3d 1548, 1558 n.15 (11th Cir. 1995).

The test for a prima facie case could not be as broad as the defendants depict it, because *Haves* made clear that the burden is on the City to articulate a legitimate government purpose. 52 F.3d at 923 ("As long as the City can present at least one plausible, arguably legitimate purpose for the Ordinance, summary judgment for the City is appropriate unless the Appellants can demonstrate that the legislature could not possibly have relied on that purpose."). As the Court noted in its order on motion for summary judgment, (Doc. 171 at 15), the defendants explicitly accepted that they bore the burden of identifying a legitimate government purpose. They wrote that "[t]he correct test as applied in this case is: Did Fairhope establish at least one plausible, arguably legitimate purpose … supporting the Fly Creek PUD and traffic decisions at issue?" (Doc. 169 at 13 (internal quotes omitted)). Thus, based both on *Haves* and the defendants' admission, the Court concludes that, for purposes of the defendants' motion, a prima facie case cannot extend further than the first of the three elements they identify.[4]

The defendants' one-sentence argument as to this element is that the plaintiffs "completely ignored that there were stark dissimilarities between the subject properties that rendered their claim legally meritless …." (Doc. 186 at 7). The plaintiffs certainly did not "ignore" the similarly-situated requirement, as their briefing expressly addressed it. (Doc. 165 at 45-47). The defendants apparently believe they had the high side of this argument on motion for summary judgment, but the Court found the issue so difficult that

---

[4] This is consistent with *Vavrus v. Russo*, 243 Fed. Appx. 561 (11th Cir. 2007), cited by the defendants. The Court therein upheld an award of fees to the prevailing defendants in an equal protection/substantive due process case because the plaintiff "failed to establish a prima facie case," which the Court identified as consisting of "evidence that he was treated differently from similarly situated persons." *Id*. at 563-64.

The defendants cite a Seventh Circuit opinion describing a prima facie case for "class of one" equal protection cases, but they have not shown that the Eleventh Circuit has adopted *Purze v. Village of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002). At any rate, the *Purze* formulation does not purport to require the plaintiff to show, as part of his prima facie case, the second and third components of the defendants' proposed formulation.

[4]

it purposely elected not to address it at all and instead proceeded to the defendants' legitimate reasons for the disparate treatment. (Doc. 171 at 14-15). The defendants, who do not present any argument as to the similarly-situated requirement or even invite the Court to revisit their previous argument, have not shown that the plaintiffs could not have survived summary judgment on this basis. They have thus failed to show that the defendants did not establish a prima facie case. *See Bonner v. Mobile Energy Services Co.*, 246 F.3d 1303, 1305 (11th Cir. 2001) (award of fees was abuse of discretion where, although the plaintiffs' evidence was "markedly weak," the trial court "assumed that they had established their prima facie case" and the defendant offered something in settlement).[5]

The defendants insist they can nevertheless prevail on the grounds that the plaintiffs did not offer evidence, at the final step in the equal protection analysis, to rebut the defendants' articulated grounds for their action. But the plaintiffs did offer evidence, albeit evidence the Court rejected as being insufficient to negative the defendants' possible reliance on their articulated reasons. (Doc. 171 at 15-16 & n.18 (evidence of development history and of wetlands in the Fly Creek Village parcel)). *See Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (*Sullivan* teaches that claims are frivolous "where plaintiffs did not introduce *any* evidence to support their claim") (emphasis in original).

At any rate, the Eleventh Circuit has held in the Title VII context (which utilizes the *Christiansburg Garment* standard and *Sullivan* elaboration) that "the presentation of a prima facie case in response to a motion for summary judgment means that a claim necessarily cannot then be considered frivolous," rendering any award of fees an abuse of discretion. *Quintana v. Jenne*, 414 F.3d 1306, 1307, 1310-11 (11th Cir. 2005); *accord*

---

[5] It seems likely that a prima facie case would require evidence that the plaintiffs were treated less favorably than their comparator and that the unequal treatment was purposeful rather than accidental. But there is ample evidence of both, and the defendants do not suggest otherwise.

*EEOC v. Reichold Chemicals, Inc.*, 988 F.2d 1564, 1571-72 (11th Cir. 1993). Perhaps an argument could be made that these cases should not control in the equal protection context,[6] but the defendants have developed no such argument, and the Court will not do so on their behalf.

The federal substantive due process claim employs the same analysis as the equal protection claim. (Doc. 171 at 19). The defendants concur. (Doc. 186 at 10). Thus, it was no more frivolous than the equal protection claim.

The only other federal claim is the conspiracy claim against Kant.[7] The Court rejected this claim because an actual underlying denial of constitutional rights is an element of the conspiracy claim. (Doc. 171 at 26-27). Because, as discussed above, the defendants have not shown the equal protection and due process claims to be frivolous, they have not shown the conspiracy claim to be frivolous on this ground.

The defendants argue that the plaintiffs "produced absolutely no evidence of an illegal conspiracy," (Doc. 186 at 12), by which they apparently mean an agreement. There was evidence, however, that Kant firmly and repeatedly informed the plaintiffs he supported their efforts to raise the single-tenant limit for the Village North PUD from 18,000 to 54,000 square feet (so as to accommodate a major grocery retailer interested in opening a store there), because he recognized it would be unfairly unequal treatment to allow Fly Creek Village PUD such a tenant and deny the same to the plaintiffs. There was also evidence that Arthur Corte, an owner of the Fly Creek Village PUD, wanted to sabotage the plaintiffs' efforts so that the retailer would instead locate on his property and

---

[6] An employee must prove only that the employer did not actually rely on its articulated reason, while an equal protection plaintiff must prove that the defendant could not have relied on its articulated purpose. *E.g., Haves*, 52 F.3d at 923.

[7] The defendants suggest a Fifth Amendment takings claim, (Doc. 186 at 12), but the Court has already noted that "Count Four of the amended complaint patently does not invoke any federal right or remedy." (Doc. 171 at 22). That the defendants unilaterally elected to brief this unasserted claim, (Doc. 157 at 4-5, 38-43), cannot create a basis for awarding attorney's fees.

that he worked Kant aggressively to vote against the plaintiffs' proposal. Finally, there was evidence that Kant ultimately voted to deny the plaintiffs a 54,000 square foot tenant, just as Corte desired, even though Kant understood this to be unfairly unequal treatment of the plaintiffs. While there was no direct evidence of an agreement between Kant and Corte to violate the plaintiffs' equal protection rights, evidence of an illegal agreement is usually circumstantial, and Corte's discussions with Kant, coupled with Kant's subsequent about-face on the plaintiffs' proposal, furnishes some such evidence. The plaintiffs' evidence of an agreement may or may not have been sufficient to survive summary judgment, but evidence of an agreement certainly exists. As noted, *Sullivan* and *Head* are implicated only when no evidence is presented. The conspiracy claim was not frivolous under the defendants' argument.[8]

The defendants argue that the plaintiffs' dismissed state claims were frivolous. (Doc. 186 at 10-14). Because only frivolous federal claims will trigger relief under Section 1988, the Court declines to address the state claims.

The defendants argue that the plaintiffs acted in subjective bad faith in pursuing this lawsuit. (Doc. 186 at 14-19). The Court finds the defendants' evidence less than overwhelming[9] but, in any event, they have offered no authority for the facially unlikely proposition that an unsuccessful lawsuit not shown to be frivolous under the standards discussed above will nevertheless subject the plaintiffs to payment of the defendants'

---

[8] The amended complaint alleges a conspiracy between Kant, Arthur Corte, and Fred Corte. (Doc. 47 at 28). The defendants find it significant that the plaintiffs identified no evidence that Fred was part of the conspiracy. (Doc. 186 at 12). It cannot matter legally whether Kant conspired with only Arthur or with both Arthur and Fred.

[9] For example, the defendants state that Eric Dyas, in a pre-suit e-mail, "confirmed his knowledge of Fairhope's rational basis for approving the Fly Creek PUD" by writing that it was "a pretty good deal from the City's perspective." (Doc. 186 at 17-18). What Dyas actually wrote was that, "[a]ccording to Gregg [Mims, the City's planning director] that was a pretty good deal from the City's perspective." (Doc. 187, Exhibit 3 at 9). The e-mail in no wise reflects Dyas' agreement that rezoning the Corte parcel to a PUD was a pretty good deal for the City.

attorney's fees if the plaintiffs had a bad motive in bringing the non-frivolous suit. The defendants' failure to offer such authority precludes them from receiving an award of attorney's fees on that basis.

## CONCLUSION

For the reasons set forth above, the defendants' motion for recovery of attorneys' fees and costs is **denied**.

DONE and ORDERED this 9th day of March, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE