IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES L. DYAS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION 08-0232-WS-N |
| CITY OF FAIRHOPE, etc., et al., | ) |
| Defendants. | ) |

**ORDER**

The Court previously granted in part the defendants' motion for summary judgment, including with respect to all federal claims. (Doc. 171). Because all claims over which the Court has original jurisdiction have been eliminated, the Court ordered the parties to address whether this action should be remanded to the Circuit Court of Baldwin County. (Doc. 172). The parties have done so. (Docs. 177, 178).

This action was removed on the basis of federal question jurisdiction. The Court has jurisdiction over the remaining state-law breach of contract and negligence claims only because they fall within the Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367(a). The Court is not required to exercise supplemental jurisdiction in all cases. In particular, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction …." *Id.* § 1367(c)(3).

This language invests the Court with discretion to exercise, or not to exercise, supplemental jurisdiction. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). In exercising its discretion under Section 1367(c), "the court should take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005) (internal quotes omitted). However, "[w]e have encouraged district courts to

[1]

dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Insurance Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). This preference exists because, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

This preference is particularly strong when the federal claims "have dropped out of the lawsuit in its early stages." *Cohill*, 484 U.S. at 350. However, the preference also applies when the federal claims are eliminated on motion for summary judgment. *See, e.g., Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *Murphy v. Florida Keys Electric Cooperative Association*, 329 F.3d 1311, 1320 (11th Cir. 2003); *Graham v. State Farm Mutual Insurance Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) ("If no federal claim survives summary judgment, the court sees no reason why the other claims should not be dismissed or remanded pursuant to 28 U.S.C. § 1367(c)(3).").[1] In such a situation, considerations of comity and fairness among the parties continue to favor dismissal. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."). Thus, retention of jurisdiction in this case is indicated only if considerations of judicial economy and convenience favor such

---

[1] Other recent cases affirming a trial court's decision to decline supplemental jurisdiction after dismissing all federal claims on motion for summary judgment include *Linares v. Armour Correctional Health Services, Inc.*, 385 Fed. Appx. 926, 929 (11th Cir. 2010); *Dukes v. Georgia*, 212 Fed. Appx. 916, 917 (11th Cir. 2006); *Arnold v. Tuskegee University*, 212 Fed. Appx. 803, 811 (11th Cir. 2006); *Lingo v. City of Albany*, 195 Fed. Appx. 891, 894 (11th Cir. 2006); *Austin v. City of Montgomery*, 196 Fed. Appx. 747, 755 (11th Cir. 2006); and *Ingram v. School Board*, 167 Fed. Appx. 107, 108-09 (11th Cir. 2006).

retention and do so with sufficient force to outweigh the continuing pull of comity and fairness towards remand.

Impacts on judicial economy are measured in order to "support the conservation of judicial energy and avoid multiplicity in litigation" or "substantial duplication of effort." *Parker*, 468 F.3d at 746 (internal quotes omitted). The defendants argue that judicial economy favors retention of jurisdiction because the Court is "intimately familiar with the facts, parties, and witnesses, as well as the land zoning decisions and zoning processes involved." (Doc. 178 at 2-3). Certainly the Court has become familiar with such matters in the course of resolving a motion to dismiss, motion for summary judgment, and appeal from the Magistrate Judge, but the significance of this familiarity is oversold. This case has proceeded through summary judgment, so that nothing remains for a state court to do but try the case. Since the plaintiffs demanded a jury, intimate familiarity with the case is not is not essential for presiding over trial, and the capable Baldwin County bench can easily master whatever limited factual material is truly necessary to a smooth proceeding.

The property at issue, as well as the challenged conduct and most of the parties and witnesses, are in Baldwin County. (Doc. 177 at 4). The defendants nevertheless argue that trial in Baldwin County would be inconvenient because, while trial here is set for May 2011, a prompt trial setting cannot be "guarantee[d]" in state court. (Doc. 178 at 3). Life holds few guarantees, but even a high probability of a relatively delayed trial in state court could not be grounds for retaining jurisdiction once all federal claims are dismissed on motion for summary judgment. By their very nature, dismissals on motion for summary judgment typically occur near a scheduled trial date, such that post-summary judgment remand or dismissal under Section 1367(c) almost necessarily results in a delay of trial compared to the federal setting. Yet despite this probable delay in trial, the Eleventh Circuit has made clear that such cases should ordinarily be remanded or dismissed.

Finally, the defendants assert that the comity concerns that weigh in favor of remand are absent here because the state-law claims are "neither novel nor complex." (Doc. 178 at 3). This is a dubious proposition, since the defendants unsuccessfully sought summary judgment as to the surviving negligence claim based on two legal arguments grounded in delicate strands of Alabama jurisprudence that the Court ruled could not bear the weight the defendants assigned them. (Doc. 171 at 23-25). The defendants raised any number of arguments against the surviving breach of contract claim, and their failure to ground their arguments in Alabama contract principles leaves it open to question how simple or complex the resolution of that claim will be. (*Id*. at 9-13). Nor is there any reason to believe the defendants will not re-assert their previous arguments on motion for judgment as a matter of law. At any rate, the straightforward Eleventh Circuit position is that "[b]oth comity and economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002); *accord Baggett v. First National Bank*, 117 F.3d 1342, 1353 (11th Cir. 1997). There is in this formulation no "novel or complex" qualifier.

After considering the factors identified by the Supreme Court and the Eleventh Circuit, the Court concludes that it should exercise its discretion not to retain supplemental jurisdiction over the plaintiffs' state-law claims. In such a situation, the correct disposition is remand. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001).

For the reasons set forth above, the plaintiffs' remaining state-law claims for breach of contract and negligence are **remanded** to the Circuit Court of Baldwin County.

DONE and ORDERED this 9th day of March, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE